**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  Godfrey   Gabriel
      (Last)     (First)   (Initial)

Prisoner Number  T62906

Institutional Address  P.O. Box 705, Soledad, CA 93960-0705

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Gabriel Godfrey
(Enter the full name of plaintiff in this action.)

vs.

Soledad - CTF
North Facility

(Enter the full name of the defendant(s) in this action)

Case No. CV 08 00638 WHA
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement  CTF - Soledad

B.   Is there a grievance procedure in this institution?
     YES (✓)    NO ( )

C.   Did you present the facts in your complaint for review through the grievance procedure?
     YES (✓)    NO ( )

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.  NO-BT1 0000001 06L
January 9th, 2008

COMPLAINT                                    - 1 -

1. Informal appeal _____

_____

2. First formal level_____

_____

3. Second formal level_____

_____

4. Third formal level _____

_____

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ( )    NO (✓)

F. If you did not present your claim for review through the grievance procedure, explain why. They said i was missing a CDC 128G, CSR Endorsement, and said i failed to provide copies of chrono's CDC 128, Classification Committee.

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

Gabriel Godfrey T-62906
P.O. Box 705
Soledad, CA 93960-0705

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

COMPLAINT                                  - 2 -

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

On this date 1·3·08 i was interviewed by Jose F. Vergera about being transfered out of state. I was advised by Mr. Vergera that i have a serious Seizure condition. And i do have chrono's for my conditions. In which i presented my chrono's to Mr. Vergera. And he stated that based on my serious and unpredictable Seizure condition i should not be transfered. But this facility is still transfering me out of state reguardless of my serious medical condition, and chrono's.

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

I want Full compensation for the violation of my rights.

COMPLAINT                           - 3 -

1
2
3
4
5   I declare under penalty of perjury that the foregoing is true and correct.
6
7   Signed this __15th__ day of __January__, 20 __08__
8
9   x _____
10                    (Plaintiff's signature)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                              - 4 -



| | Department of Corrections and Rehabilitation | Number: 06/07 |
|---|---|---|
| | NOTICE OF CHANGE TO REGULATIONS | Date Issued: November 17, 2006 |
| | Sections: 3084.1, 3391 | Effective Date: November 6, 2006 |

This notice announces amendments to Section 3084.1 and 3391 of the California Code of Regulations (CCR), Title 15, Crime Prevention and Corrections, to incorporate into the CCR, provisions governing Citizens Complaints.

**IMPLEMENTATION: IMMEDIATELY**

**PUBLIC COMMENT PERIOD**
Any person may submit written comments about the proposed regulations to the California Department of Corrections and Rehabilitation, Regulation and Policy Management Branch (RPMB), PO Box 942883, Sacramento, CA 94283-0001, by fax to (916) 341-7366 or by e-mail to *RPMB@cdcr.ca.gov*. All written comments must be received by the close of the public comment period, January 9, 2007 at 5:00 PM.

**PUBLIC HEARING INFORMATION**
A public hearing regarding these proposed regulations will be held **January 9, 2007** from **10:00 am – 11:00 am** in the **Large Conference Room, 660 Bercut Dr., Sacramento, CA 95814.** This location is wheelchair accessible. The purpose of the hearing is to receive oral comments about this action. It is not a forum to debate the proposed regulations. No decision regarding the permanent adoption of these regulations will be rendered at this hearing. Written or facsimile comments submitted during the prescribed comment period have the same significance and influence as oral comments presented at the hearing.

**POSTING**
This notice shall be posted immediately upon receipt at locations accessible to inmates, parolees, and employees in each Department facility and field office. Also, facilities shall make this notice available for review by inmates in segregated housing who do not have access to the posted copies and shall distribute it to inmate law libraries and advisory councils.

**CONTACT PERSON**
Inquiries regarding this notice should be directed to Timothy M. Lockwood, Chief, RPMB, or to Stephanie Winn, RPMB, California Department of Corrections and Rehabilitation, PO Box 942883, Sacramento, CA 94283-0001, by telephone (916) 323-6156 or e-mail *RPMB@cdcr.ca.gov*. Inquiries regarding the subject matter of these regulations may be directed to Don Price, Department of Corrections and Rehabilitation at (916) 322-1843.

D. L. RUNNELS
Chief Deputy Secretary
Adult Operations

Attachments

## NOTICE OF PROPOSED REGULATIONS

### California Code of Regulations
### Title 15, Crime Prevention and Corrections
### Department of Corrections and Rehabilitation

**NOTICE IS HEREBY GIVEN** that the Secretary of the Department of Corrections and Rehabilitation (CDCR), pursuant to the authority granted by Government Code Section 12838.5 and Penal Code (PC) Section 5058, and the rulemaking authority granted by PC Sections 5058.3, in order to implement, interpret and make specific PC Sections 5054, proposes to amend Sections 3084.1 and 3391 in the California Code of Regulations (CCR), Title 15 concerning Citizens Complaints.

**PUBLIC HEARING:**

    Date and Time:    January 9, 2007, 10:00 a.m. to 11:00 a.m.

    Place:    660 Bercut Dr

        Large Conference Room
        Sacramento, CA 95814

    Purpose:    To receive comments about this action.

**PUBLIC COMMENT PERIOD:**

The public comment period will close 5:00 PM. Any person may submit public comments in writing (by mail, by fax or by e-mail) regarding the proposed changes. To be considered by the Department, comments must be submitted to the Department of Corrections and Rehabilitation, Regulation and Policy Management Branch, P.O. Box 942883, Sacramento, CA 94283-0001; by fax at (916) 341-7366; or by e-mail at *RPMB@cdcr.ca.gov* before the close of the comment period.

**CONTACT PERSON:**

Please direct any inquiries regarding this action to:

Timothy M. Lockwood, Chief
Regulation and Policy Management Branch
Department of Corrections and Rehabilitation
P.O. Box 942883, Sacramento, CA 94283-0001
Telephone (916) 341-7332

In the event the contact person is unavailable, inquires should be directed to the following back-up person:

Stephanie Winn
Regulation and Policy Management Branch
Telephone (916) 341-6156

Questions regarding the substance of the proposed regulatory action should be directed to:

Don Price, CCII
Division of Adult Institutions
Telephone (916) 322-1843

**LOCAL MANDATES:**

This action imposes no mandates on local agencies or school districts, or a mandate which requires reimbursement pursuant to Government Code Section 17561.

### FISCAL IMPACT STATEMENT:

- Cost or savings to any state agency: *None*
- Other nondiscretionary cost or savings imposed on local agencies: *None*
- Cost or savings in federal funding to the state: *None*

### EFFECT ON HOUSING COSTS:

The Department has made an initial determination that the proposed action will have no significant effect on housing costs.

### COST IMPACTS ON REPRESENTATIVE PRIVATE PERSONS OR BUSINESSES:

The Department is not aware of any cost impacts that a representative private person or business would necessarily incur in reasonable compliance with the proposed action.

### SIGNIFICANT STATEWIDE ADVERSE ECONOMIC IMPACT ON BUSINESS:

The Department has initially determined that the proposed regulations will not have a significant statewide adverse economic impact directly affecting businesses, including the ability of California businesses to compete with businesses in other states.

### EFFECT ON SMALL BUSINESSES:

The Department has determined that the proposed regulations may not affect small businesses. It is determined that this action has no significant adverse economic impact on small business because they are not affected by the internal management of state prisons.

### ASSESSMENTS OF EFFECTS ON JOB AND/OR BUSINESS CREATION, ELIMINATION OR EXPANSION:

The Department has determined that the proposed regulation will have no affect on the creation of new, or the elimination of existing jobs or businesses within California, or affect the expansion of businesses currently doing business in California.

### CONSIDERATION OF ALTERNATIVES:

The Department must determine that no reasonable alternative considered by the Department, or that has otherwise been identified and brought to the attention of the Department, would be more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome to affected private persons, than the proposed regulatory action.

### AVAILABILITY OF PROPOSED TEXT AND INITIAL STATEMENT OF REASONS:

The Department has prepared and will make available the text and the Initial Statement of Reasons (ISOR) of the proposed regulations. The rulemaking file for this regulatory action, which contains those items and all information on which the proposal is based (i.e., rulemaking file) is available to the public upon request directed to the Department's contact person. The proposed text, ISOR, and Notice of Proposed Action will also be made available on the Department's website http://www.cdcr.ca.gov.

### AVAILABILITY OF THE FINAL STATEMENT OF REASONS:

Following its preparation, a copy of the Final Statement of Reasons may be obtained from the Department's contact person.

### AVAILABILITY OF CHANGES TO PROPOSED TEXT:

After considering all timely and relevant comments received, the Department may adopt the proposed regulations substantially as described in this Notice. If the Department makes modifications which are sufficiently related to the originally proposed text, it will make the modified text (with the changes clearly indicated) available to the public for at least 15 days before the Department adopts the regulations as revised. Requests for copies of any modified regulation text should be directed to the contact person indicated in this Notice. The Department will accept written comments on the modified regulations for 15 days after the date on which they are made available.

## INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW:

Penal Code (PC) Section 5000 provides that commencing July 1, 2005, any reference to the Department of Corrections in this or any code, refers to the CDCR, Division of Adult Operations.

PC Section 5050 provides that commencing July 1, 2005, any reference to the Director of Corrections, in this or any other code, refers to the Secretary of the CDCR. As of that date, the office of the Director of Corrections is abolished.

PC Section 5054 provides that commencing July 1, 2005, the supervision, management and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline, and employment of persons confined therein are vested in the Secretary of the CDCR.

PC Section 5058.3 authorizes the Director to adopt, amend, or repeal emergency regulations conducted pursuant to Government Code Section 11340. This regulatory action:

- Will bring CDCR into immediate compliance with the Ninth Circuit Court of Appeals opinion in *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, which held that PC 148.6, which criminalizes knowingly false speech critical of peace officer conduct, violates the First Amendment.

- The Department must modify Sections 3084.1 and 3391 in order to remove language that is now deemed unconstitutional. Existing language in both sections states that it is against the law to knowingly make a false complaint against a peace officer. According to *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, this statement is unconstitutional in that it a violates the First Amendment.

**INITIAL STATEMENT OF REASONS:**

The California Department of Corrections and Rehabilitation (CDCR) proposes to amend Sections of the California Code of Regulations (CCR), Title 15, Division 3, concerning Citizens Complaints.

These proposed regulations will bring CDCR into immediate compliance with the Ninth Circuit Court of Appeals opinion in *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, which held that Penal Code (PC) 148.6, which criminalizes knowingly false speech critical of peace officer conduct, violates the First Amendment.

Therefore, the Department must modify Sections 3084.1 and 3391. This action will clarify and amend CCR Sections that are now deemed in violation of the constitution.

The Department has determined that no reasonable alternatives to the regulations have been identified or brought to the attention of the Department that would lessen any adverse impact on small business.

The Department has made an initial determination that the action will not have a significant adverse economic impact on business. Additionally, there has been no testimony or other evidence provided that would alter the Department's initial determination.

The Department has determined that this action imposes no mandates on local agencies or school districts, or a mandate, which requires reimbursement pursuant to Part 7 (Section 17561) of Division 4.

The Department must determine that no alternative considered would be more effective in carrying out the purpose of this action, or would be as effective as and less burdensome to affected private persons than the action proposed.

**Subsection 3084.1(e) is amended to** delete the specific references to PC148.6(a)(1) which has been deemed to be unconstitutional by the Ninth Circuit Court of Appeals. Existing language in 3084.1 states that it is against the law to knowingly make a false complaint against a peace officer. According to *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, this is unconstitutional in that it a violates the First Amendment.

**Subsection 3391(d) is amended to** delete language, which was copied in its entirety from PC 148.6(a)(1) and (2) and placed into this Subsection. This specific language has been deemed to be unconstitutional by the Ninth Circuit Court of Appeals. Existing language in Section 3391 states that it is against the law to knowingly make a false complaint against a peace officer. According to *Chaker v. Crogan* (9th Cir. 2005) 428 F.3d 1215, this is unconstitutional in that it a violates the First Amendment. The remainer of the existing language found in 3391(d) is left unchanged due to the requirement that a State agency must have a proceedure to investigate these types of complaints.

## TEXT OF PROPOSED REGULATIONS

In the following, underline indicates added text and strikethrough indicates deleted text.

**California Code of Regulations Title 15, Section 3084.1, Right to Appeal, and 3391, Employee Conduct is amended to read as follows:**

**Section 3084.1. Right to Appeal.**

**Subsections 3084.1(a) through 3084.1(d) remain unchanged.**

**Subsection 3084.1(e) is amended to read:**

(e) ~~Pursuant to Penal Code section 148.6, it is against the law to make a complaint against a departmental peace officer that the complainant knows to be false.~~ An appeal alleging misconduct by a departmental peace officer as defined in section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in section 3391(d). Failure to submit this form will be cause for rejecting the appeal, in accordance with section 3084.3(c)(5).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 148.6, 832.5 and 5054, Penal Code. *Chaker v. Crogan (9th Cir 2005) 428 F.3d 1215.*

**Section 3391. Employee Conduct**

**Subsections 3391(a) through 3391(c) remain unchanged.**

**Subsection 3391(d) is amended to read:**

(d) Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS

AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

~~IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to being prosecuted on a misdemeanor charge.]~~

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 148.6, 832.5, 5054 and 6250–6253, Penal Code. *Chaker v. Crogan (9th Cir 2005)* 428 F.3d 1215.

Text – Citizens Complaints          11/6/2006                              2



From: Gabriel Godfrey
T-63906, LB-106 up
P.O. Box 705
Soledad, CA 93960-0705

RECEIVED
JAN 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

To: Clerk of the United States District Court for the Northern District of California,
450 Golden Gate Ave.
Box 36060,
San Francisco, CA 94102